## William R. Howe, Plff. in Err., v. First National Bank of Corry.

Proceedings and judgment upon the trial of a feigned issue to determine a claim to a particular fund will not bar an action for damages for breach of contract, even though the parties and the evidence are the same.

(Decided October 5, 1885.)

Error to the Court of Common Pleas of Erie County, to review a judgment for defendant in an action for breach of contract. Reversed.

William R. Howe and the First National Bank of Corry, holding separate judgments against the estate of D. H. Wilder, entered into a contract to the following effect; "That in case the bank should sell the real estate of Wilder, or transfer the property to Howe, then and in that case, the bank should satisfy its judgment of $15,750."

Subsequently, the bank having sold some of the real estate,

NOTE.—In Wible v. Wible, 1 Grant Cas. 406, it was likewise held that a verdict in a feigned issue to inform the conscience of the court was not conclusive.

The general principle is recognized that a judgment is not conclusive in a subsequent proceeding based on a different cause of action. Illustrations are numerous. See McGeary v. Jenkins, 187 Pa. 440, 41 Atl. 315; Re Lightner, 187 Pa. 237, 41 Atl. 46; Terrerri v. Jutte, 159 Pa. 244, 28 Atl. 225; Milligan v. Browarsky, 147 Pa. 155, 23 Atl. 398; Bigley v. Jones, 114 Pa. 510, 7 Atl. 54. Or, to state the rule in a different way, the judgment is not a bar where the matters in controversy were not directly passed upon or in issue in the first proceeding. Tams v. Lewis, 42 Pa. 402; Gould v. Langdon, 43 Pa. 365; Fernsler v. Seibert (Pa.) 1 Cent. Rep. 568, ante, 37; Marshall v. Hershey, 185 Pa. 238, 39 Atl. 887; Amrhein v. Quaker City Dye Works, 192 Pa. 253, 43 Atl. 1008; Becker v. Lebanon & M. Street R. Co. 195 Pa. 502, 46 Atl. 1096.

further proceeds came into court under executions, and a feigned issue was tried to ascertain which party had the best title to the fund. The issue having been found in favor of Howe, he brought this action against the bank for failing to satisfy its judgment according to contract. The bank offered in evidence the record in the feigned issue, claiming that it was a bar to the present action. This having been admitted, there was a verdict for defendant, and plaintiff brought error.

*J. Ross Thompson* and *Geo. Shiras, Jr.,* for plaintiff in error.

*Jno. P. Vincent* and *C. O. Bowman* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

In taking the case from the jury and directing a verdict for defendant, the learned judge held that the judgment in the feigned issue, the record of which was given in evidence, was a bar to the plaintiff's recovery in this action. In this there was error that necessarily vitiates the judgment.

The record referred to was offered and admitted under exception, "For the purpose of showing that the same matters in controversy, being tried now and here were tried and adjudicated between the parties, . . . and that the judgment has been paid by the First National Bank of Corry to William R. Howe." Without pausing to inquire whether, under the pleadings, the evidence thus received was not competent for some purpose, it was clearly not conclusive proof of a former recovery such as could operate as a bar to the present action. This is quite apparent from the facts embodied in the counter statement of defendant in error.

In September, 1878, the homestead of D. H. Wilder was sold on two executions, one in favor of the bank and the other in favor of Howe, and the proceeds, $3,925, paid into court for distribution. The fund was claimed by each of the execution creditors respectively. The bank claimed it by priority of lien. Howe, on the other hand, claimed it was applicable to his execution, alleging that, as between himself and the bank, the judgment of the latter had, in effect, been paid and satisfied by sale of the factory property to Kent and Hall a short time before; and further, by the contract of May 3, 1878, between himself and the bank, it was provided "that in case the bank should

sell the real estate, or transfer the property,, to Howe, then and in that case the bank should satisfy its judgment of $15,750."

Upon these allegations, the feigned issue was directed, to ascertain which of them was entitled to the fund in court. It was a narrow, sharply defined issue, to determine which of the respective parties was entitled to a particular fund, and nothing more. Beyond that, it would have been wholly irrelevant to have undertaken to adjudicate the extent of the bank's liability to Howe under the contract declared on in this case.

But it is said that, to sustain his claim to the fund in court, Howe, on the trial of the feigned issue, called the same witnesses and introduced the same evidence, oral and written, that was given on the trial of the present suit. Conceding that he did, how can that alone, in the face of the respective records to the contrary, determine the identity of the two issues? The one was simply a claim to a particular fund; the other involves a claim for damages for breach of the contract set out in the narr. It does not follow that evidence necessary to sustain the former issue may not be strictly competent and relevant on the trial of the latter. As shown by the record, the issues are so far separate and distinct that the determination of the former is not, necessarily, a bar to the latter. It may be, that on the trial of this issue it will be competent to prove the fact that plaintiff established his claim to, and received, the fund above referred to; but it is unnecessary to consider that question. All that need be decided at present is, that the record of the feigned issue was received and used for an improper purpose.

Judgment reversed, and a *venire facias de novo* awarded.